UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNIFER GLOSS and
DANIEL GLOSS,

        Plaintiffs,

v.

LAFONTAINE BUICK GMC,
INC., et al.,

        Defendants.
_____/

Case No. 2:20-cv-11248

HONORABLE STEPHEN J. MURPHY, III

**ORDER TRANSFERRING THE CASE**

On April 1, 2020, Plaintiffs Jennifer and Daniel Gloss filed a complaint in Oakland County Circuit Court. ECF 1-1. On May 20, 2020, Defendants jointly removed the case to federal court. ECF 1. In their notice of removal, Defendants indicated that the case was improperly filed in Oakland County and that it should have been filed in Ingham County. *Id.* at 3–4. Defendants stated that it conducts business in Lansing, Michigan in Ingham County and that the subject matter of the complaint arose in Ingham County. *Id.*

Venue for a civil action brought in federal court is governed by 28 U.S.C. § 1391. Venue is proper in the "district in which any defendant resides" or the "district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(1), (2). For venue purposes, a corporation is a resident in the district where it "is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2).

1

When venue is improper, the Court may either dismiss the case or, in the interests of justice, transfer the case to a district or division where it could have been brought. *See* 28 U.S.C. § 1406(a). Additionally, even when venue is proper, the Court may transfer a civil action to any other district where it might have been brought for the convenience of the parties and witnesses and in the interest of justice. *See* 28 U.S.C. § 1404(a). A court may sua sponte transfer a case based upon venue. *Carver v. Knox County, Tenn.*, 887 F.2d 1287, 1291 (6th Cir. 1989).

Here, Plaintiffs purchased a vehicle from LaFontaine Buick located in Lansing, Michigan in Ingham County. ECF 1-1, PgID 34, 38. Defendants Richard Korupczynski and Jason Ferguson, who are employed by LaFontaine Buick, likely reside in or near Ingham County. *Id.* at 9. Although Plaintiffs alleged that LaFontaine Buick has registered offices in Oakland County, *Id.* at 8, Defendants asserted that they conduct business in Ingham County, ECF 1, PgID 3–4. And the complaint relates to the purchase of a vehicle and corresponding finance agreement, both of which arose in Ingham County. *See generally* ECF 1-1. Further, Plaintiffs both reside in Webberville, Michigan—which is located in Ingham County as well. *Id.* at 8.

All parties and claims in the present action are based in Ingham County. And Ingham County lies in the Western District of Michigan. *See* 28 U.S.C. § 102(b). Consequently, the United States District Court for the Western District of Michigan is the more appropriate and convenient forum for this action. In the interests of

justice, the Court will exercise its discretion and transfer the case to that district for further consideration.

**WHEREFORE**, it is hereby **ORDERED** that the case is **TRANSFERRED** to the United States District Court for the Western District of Michigan. The Clerk of the Court shall transfer the case to that district.

**SO ORDERED.**

                                        s/ Stephen J. Murphy, III
                                        STEPHEN J. MURPHY, III
                                        United States District Judge

Dated: May 26, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 26, 2020, by electronic and/or ordinary mail.

                                        s/ David P. Parker
                                        Case Manager